

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,815-01

### EX PARTE JEREMY BLAKE SIMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 063115-A IN THE 397TH DISTRICT COURT
### FROM GRAYSON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of online solicitation of a minor and sentenced to ten years' imprisonment. He did not appeal his conviction.

In *Ex parte Lo*, this Court declared Penal Code § 33.021(b) unconstitutional. *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). Applicant now contends that in light of *Lo* his conviction is no longer valid. He also argues that counsel was ineffective for not raising the issue at the time community supervision was revoked, which occurred after the *Lo* decision was handed down.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Lo*, 424 S.W.3d

10 (Tex. Crim. App. 2013); *Strickland v. Washington*, 466 U.S. 668 (1984).

It appears that Applicant waived a grand jury and consented to be charged by information. The information contains two "paragraphs," both of which allege Online Solicitation of a Minor. "Paragraph I" charged Applicant under Section 33.021(b)(1) of the Penal Code while "Paragraph II" charged Applicant under Section 33.021(c). The initial community supervision and revocation judgments reflect a conviction under Section 33.021(b), but after Applicant filed this application for a writ of habeas corpus, the trial court signed judgments nunc pro tunc, altering the judgments to include both Section 33.021(b) and 33.021(c) as the "Statute for Offense." The court found that the original judgments incorrectly listed the offense "as only being charged under Section 33.021(b) of the Texas Penal Code," and the corrected judgments properly reflect that Applicant was "actually convicted under two paragraphs of this offense."

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel for Applicant's revocation proceedings to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall also order trial counsel to file an affidavit addressing whether the initial guilty plea resulting in community supervision envisioned two convictions in these charges, one for each paragraph. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial counsel shall also order the habeas record supplemented with a Reporter's Record from the revocation proceedings.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was convicted under both "paragraphs," and if so, whether he is serving two ten-year sentences. Should the Court determine that Applicant is serving one ten-year sentence, it shall make further findings determining which statute authorized the sentence Applicant is serving. The trial court shall also make supplemental findings determining whether the performance of Applicant's trial counsel at revocation was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing the record from Applicant's revocation hearing, all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 21, 2018
Do not publish